UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| ARTHUR HAROLD DORIE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Case No. 1:07-cv-1195 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| THOMAS G. PHILLIPS, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |
| | ) | |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a prison sentence of 7-to-22½ years, imposed by the Gladwin County Circuit Court on July 26, 2004, after petitioner entered a plea of guilty to a charge of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c(1)(a), involving his 12-year-old daughter, enhanced by a finding that petitioner was a second-felony offender, MICH. COMP. LAWS § 769.10. The guilty plea was entered pursuant to a plea agreement, under which four other charges of first-degree criminal sexual conduct, all involving the alleged rape of his daughter, were dismissed. Petitioner then commenced prolonged direct and collateral challenges to his sentence and the method by which it was calculated. After exhausting his state remedies, petitioner initiated the present habeas corpus action on November 28, 2007.

The habeas corpus petition raises four grounds for relief: (1) petitioner was denied due process by the sentencing judge's failure to recognize his discretion to set a maximum term less than the statutory maximum established by law; (2) petitioner was denied due process by the

prosecutor's failure to comply with the terms of the plea agreement; (3) petitioner was denied the effective assistance of counsel by his attorney's failure to object to errors in calculation of the sentencing guidelines; and (4) the trial court lacked subject-matter jurisdiction because the original complaint and warrant were issued without probable cause. Judge Janet T. Neff has referred this matter to me for review of the state-court record and issuance of a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). Rule 10, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

After review of the record, I conclude that petitioner's claims for relief from his conviction and sentence are frivolous and recommend that the petition be denied on its merits.

**Proposed Findings of Fact**

**A.      Trial Court Proceedings**

During the month of June 2004, the Gladwin County prosecutor filed four felony complaints against petitioner in the state district court, each charging him with criminal sexual conduct involving his 12-year-old daughter K.A.D. The complaint in case no. 04-1561-FY charged criminal sexual conduct in the first-degree involving alleged penile penetration in May 2004. The complaint in case no. 04-1636-FY charged second-degree criminal sexual conduct involving sexual contact with K.A.D. in August or September of 2002. The complaint added a specification charging petitioner with being a second-felony offender arising from a breaking-and-entering conviction in Detroit in 1991. The criminal complaint in case no. 04-1637-FY charged first-degree criminal sexual conduct involving K.A.D. occurring in or around January 2003. The complaint in case no. 04-1638-FY charged first-degree criminal sexual conduct alleged to have occurred in March or April of 2004

(count 1) and second-degree criminal sexual conduct occurring in March or April 2004 (count 2), again enhanced by the habitual offender specification. The first-degree criminal sexual conduct charges were punishable by up to life imprisonment; the second-degree criminal sexual conduct charges were punishable by a maximum of 15 years' imprisonment, increased to 22½ years on account of the habitual offender specification.

The record shows that petitioner executed a written waiver of preliminary examination in each case and that the state district judge bound petitioner over to circuit court on all charges. (docket # 22, Ex. B). Petitioner and appointed counsel appeared before the Gladwin County Circuit Court, Honorable Kurt N. Hansen, on June 30, 2004, for purposes of entering a plea of guilty pursuant to a plea agreement. (*See* Plea Transcript (PT), docket # 12). After the court placed petitioner under oath, counsel informed the court that petitioner would be pleading guilty to a charge of second-degree criminal sexual conduct, and also to the specification that petitioner was a second-felony offender. The court then began a careful plea colloquy, which contained the following components:

- Petitioner affirmed that he understood the nature of the charge. (PT, 3).
- He also understood that he was being charged as a second habitual offender, so that the maximum possible sentence could be "enhanced" to 22½ years, while the minimum sentence would be discretionary with the court. (PT, 3-4).
- Petitioner affirmed that he understood that "no one can make any promises for me [the judge] as to how you will be sentenced if your pleas are accepted[.]" (PT, 4).

- Petitioner acknowledged that he understood the rights that he would be giving up, including the right to trial by jury, to confront and cross-examine witnesses, and to compel appearance of witnesses at trial. (PT, 5-6).

- The court asked for the details of any plea agreement. The prosecutor said that in return for petitioner's plea to second-degree criminal sexual conduct, four charges of first-degree criminal sexual conduct would be dismissed. "Further the parties stipulate that the applicable sentencing guideline range in this matter is 43 months to 107 months on the minimum end of any sentence." Finally, petitioner would have the right to withdraw his plea if the minimum sentence exceeded this range. (PT, 6-7).[1]

- Petitioner affirmed that he understood the plea agreement and consented to it. When asked whether anyone had promised him anything beyond what was set forth in the plea agreement, defendant answered, "No, sir." (PT, 7-8). Petitioner specifically denied that anyone had promised that the court would be lenient if petitioner pled guilty. (PT, 8).

- Petitioner then provided a factual basis for the plea, admitting that he had touched his daughter's breasts and vagina for purposes of sexual gratification. (PT, 9-10).

---

[1] Under the Michigan indeterminate sentencing scheme, the sentencing judge establishes only the minimum sentence, aided by statutory state sentencing guidelines. The maximum sentence is established by law. *See People v. Drohan*, 715 N.W.2d 778, 789 (Mich. 2006); *accord, Shaya v. Holder*, 586 F.3d 401, 406-07 (6th Cir. 2009) (In Michigan, "the maximum sentence is not determined by the trial court, but rather is set by law.").

An agent of the Michigan Department of Corrections completed a presentence investigation report dated July 20, 2004. (docket # 21, Ex. C). The presentence report reflected the plea agreement's stipulation that the appropriate guideline range was 43-to-107 months. The presentence writer stated that he scored the guidelines at the same range, "being 43-to-107 months with jail credit standing at 51 days previously served." (*Id.*, at 1). The presentence writer recommended a sentence "on the high end of the guidelines" because of petitioner's prior record and the gravity of the offense. On this basis, the presentence report recommended a sentence of 8 years, 11 months- to-22½ years. (*Id.*).

Petitioner and counsel appeared before the court on July 26, 2004, for sentencing. During his statement to the court, the prosecuting attorney said that it would not be appropriate to exceed the guidelines, "but I do agree with the probation officer in this matter that a sentence at the high end of the guidelines would be appropriate considering the Defendant's prior criminal record, including a felony conviction, and also the circumstances of the offense and the serious nature of the crime." The prosecutor asked for a sentence of not less than 107 months and not more than 22½ years in prison. (7/26/04 Tr., at 13). The court imposed a sentence of 7-to-22½ years in prison, which was toward the middle of the guideline range.

B. **Appellate Proceedings**

The circuit court appointed counsel to represent petitioner for purposes of seeking leave to appeal to the Michigan Court of Appeals. On May 8, 2006, the State Appellate Defender's Office (SADO) filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claims: (1) petitioner should be resentenced because the sentencing judge

failed to recognize his discretion to impose a maximum sentence of less than the statutory maximum set by law; (2) petitioner was denied due process when the prosecutor failed to comply with the terms of the plea agreement by asking for a sentence at the high end of the guideline range; (3) petitioner was denied due process because the sentencing guidelines were scored on the basis of insufficient evidence and misapplication of the law; and (4) petitioner was denied the effective assistance of counsel because his attorney failed to object to plain error in the sentencing guideline calculations. Petitioner sought leave to file an *in pro per* supplemental brief, arguing that the trial court lacked jurisdiction over him because the complaint and warrant were not supported by probable cause. While this application for leave to appeal was pending, petitioner's appellate counsel filed a motion for resentencing in the trial court, essentially raising the same four claims. Petitioner also filed a supplemental *pro se* motion, again raising an alleged lack of jurisdiction. On June 14, 2006, petitioner's appointed attorney filed a motion for leave to withdraw as counsel, which the trial court granted on June 21, 2006. On the same day, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. (*See* Michigan Court of Appeals record, docket # 20).

The trial court appointed a substitute appellate attorney to represent petitioner for purposes of seeking discretionary review in the state Supreme Court. On August 15, 2006, attorney John Lazar filed an application for leave to appeal to the state Supreme Court, raising the same four grounds asserted by SADO in the state Court of Appeals. Again, petitioner filed a supplemental *in pro per* brief, arguing that the lower courts lacked jurisdiction over him. By standard order entered November 29, 2006, the state Supreme Court denied leave to appeal. (*See* Michigan Supreme Court record, docket # 21).

Petitioner initiated this habeas corpus action by petition filed November 28, 2007. The *pro se* petition raises the four challenges to sentencing asserted by appointed counsel in the state appellate courts, as well as petitioner's challenge to the jurisdiction of the circuit court.

**<u>Applicable Standard</u>**

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), the provisions of that law govern the scope of the court's review. *See Penry v. Johnson*, 532 U.S. 782, 791 (2001); *Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir. 2008). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands that state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted); *see Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774 (6th Cir. 2008). "AEDPA requires heightened respect for state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Waddington v. Sarausad*, 129 S. Ct. 823, 831 (2009). *De novo* review is restricted to instances where the state court did not address the merits of a claim. In that limited set of circumstances, "there are simply no results, let alone reasoning, to which [the habeas] court can defer." *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003); *Van v. Jones*, 475 F.3d 292, 293 (6th Cir. 2007); *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005).

The AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). Section 2254(d) states that an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Section 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning. A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than the [Supreme Court] on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. at 694 (citations omitted). A federal court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case, or if the state court unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *see Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. at 412; *Wilson v. Parker*, 515 F.3d

at 691; *Ross v. Petro*, 515 F.3d 653, 660 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 906 (2009). This court may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *See Williams*, 529 U.S. at 381 ("If this Court has not broken sufficient legal ground to establish an asked for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."); *see also Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).

Regardless of the subsection of 2254(d) relied on by the petitioner, AEDPA requires heightened respect for state factual findings. 28 U.S.C. § 2254(e)(1); *see Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence 28 U.S.C. § 2254(e)(1); *Jaradat v. Williams*, 591 F.3d 863, 864-65 (6th Cir. 2010); *Mills v. Cason*, 572 F.3d 246, 250 (6th Cir. 2009).

## Discussion

### A. Abuse of Discretion at Sentencing

Petitioner's first claim for habeas corpus relief is that the sentencing judge erred by failing to recognize expressly his discretion to impose a maximum sentence less than the statutory maximum. Petitioner's appellate attorneys raised this issue in the Michigan Court of Appeals and Supreme Court as a pure matter of state law, arguing that the sentencing judge failed to recognize his discretion to impose a maximum sentence under the Habitual Offender Act less than the statutory maximum. *See, e.g., People v. Turski*, 461 N.W.2d 366 (Mich. 1990). Counsel argued that the

record "strongly implied" that the sentencing court was not familiar with the permissive language of the statute regarding the maximum sentence for habitual offenders. (*See* Brief in Michigan Supreme Court, docket # 21, at 3). Because the state appellate courts denied leave to appeal without discussing any issue, review in this court is *de novo*, with no deference due under AEDPA. *See Wiggins*, 539 U.S. at 534.

Petitioner's first claim fails to state grounds for habeas corpus relief. A federal court may grant habeas corpus relief only on the ground that petitioner is in custody in violation of the federal Constitution or laws. 28 U.S.C. § 2254(a). The Supreme Court has repeatedly rejected efforts to base federal habeas corpus relief on alleged errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The argument that the sentencing judge failed to recognize his discretion to impose a lower sentence implicates no federal constitutional right. The federal courts do not grant relief for errors of state law relating to the imposition of sentence. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Even if the court were to discern some theoretical due-process claim lurking in the facts of this case, the court would not be authorized to grant relief. Under AEDPA, a habeas court must base its grant of relief on the "clearly established" holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. at 412. The district court may not consider decisions of lower federal courts, let alone manufacture a new due-process right for the first time on habeas corpus review. *Williams*, 529 U.S. at 381. The Supreme Court has never held that the Due Process Clause is offended by a sentencing judge's failure to articulate expressly his recognition of discretion in establishing a sentence. In the absence of a controlling holding of the United States Supreme Court, this court may not grant relief on petitioner's novel due-process claim.

**B. Breach of Plea Agreement**

Petitioner's second contention is that the prosecutor breached the plea agreement set forth on the record at the time of the plea hearing. At the time of the plea, the parties agreed that petitioner's minimum sentence would fall within the stipulated guideline range of 43-to-107 months. (PT, 6-7). They further agreed that petitioner would have the right to withdraw his plea if the minimum sentence exceeded this range. *Id.* The prosecutor made no agreement with regard to the recommendation that he would or would not make regarding sentencing. Nevertheless, petitioner claims that the prosecutor breached the plea agreement by recommending a minimum sentence "at the high end of the guidelines." Petitioner's argument is frivolous.

The requirements of the Due Process Clause with regard to plea agreements are rather narrow. In *Santobello v. New York*, 404 U.S. 257 (1971), the Supreme Court recognized plea-bargaining as a valid component of the criminal justice system. 404 U.S. at 260. The Court held that the Due Process Clause requires that the sentencing court and the prosecutor abide by promises made in consideration for a defendant's decision to plead guilty. The Court stated, "When a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement for consideration, such a promise must be fulfilled." *Id.* at 262. Where the prosecutor's performance under a plea bargain consists of an agreement to a specific sentence, the judge must either accept the agreed-upon sentence or allow withdrawal of the plea. *Santobello*, 404 U.S. at 262-63. By contrast, the prosecutor's agreement may be only to make a recommendation concerning sentencing. In this circumstance, the prosecutor fulfills his obligation by making the agreed-upon recommendation. *See United States v. Benchimol*, 471 U.S. 453, 456 (1985).

In the present case, the parties stipulated the guideline range applicable to petitioner's minimum sentence.[2] The parties further agreed that, if the court's minimum sentence exceeded the stipulated guideline range, petitioner would be entitled to withdraw his guilty plea. This express agreement was not necessary, as Michigan law requires that a defendant be allowed to withdraw his guilty plea in such circumstances. *See People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993); *People v. Killebrew*, 330 N.W.2d 834 (Mich. 1982).

In the present case, neither the prosecutor nor the court violated the plea agreement placed on the record. The parties stipulated to a minimum sentence falling within the range of 43-to-107 months. The prosecutor did not agree to any particular minimum sentence within that range, nor did he agree to make a recommendation at the low end of the range. At the time of sentencing, the prosecutor agreed with the presentence writer that petitioner should be sentenced "at the high end of the guidelines." This recommendation was not contrary to any provision of the plea agreement. The court ultimately imposed a minimum sentence of 7 years (84 months), which was well within the stipulated range of 43-to-107 months.

The record discloses no breach of the plea agreement. In fact, the plea agreement would have allowed the trial court to impose a minimum sentence almost two years longer than the sentence actually imposed. Petitioner's second claim for relief is meritless.

---

[2] As noted in the preceding footnote, the sentencing judge establishes a minimum sentence aided by statutory state sentencing guidelines. *See Drohan*, 715 N.W.2d at 789. The statutory guidelines set forth a methodology for the court's determination of "the recommended minimum sentence range." MICH. COMP. LAWS § 777.21(1). Therefore, the sentencing guidelines, and the parties' agreement concerning the applicable sentencing guideline range, applied only to the minimum sentence to be imposed in this case.

C.   **Ineffective Assistance of Counsel**

In his third claim for relief, petitioner asserts that his trial counsel was ineffective for failing to object to certain errors made by the probation agent in scoring the state statutory sentencing guidelines. A habeas petitioner seeking relief on the basis of ineffective assistance of counsel must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, petitioner must establish that counsel's representation fell below an objective standard of reasonableness. In so doing, petitioner must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Second, a petitioner must demonstrate that counsel's substandard performance resulted in prejudice. This requires a showing of a reasonable probability that, but for counsel's errors, the result would have been different. 466 U.S. at 687-88; *see Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993). Petitioner can make neither showing in the present case.

The sentencing guideline range in this case, which suggested a range for petitioner's minimum sentence, was established by agreement at the time of the guilty plea. "Further the parties stipulate that the applicable sentencing guideline range in this matter is 43 months to 107 months on the minimum end of any sentence." (PT, 6). The presentence writer specifically noted that he scored the guidelines in accordance with the stipulation of the parties. (PSIR at 1, found in Supreme Court record, docket # 21). Having stipulated to the applicable sentencing guideline, defense counsel was in no position to renege on the agreement by challenging the guideline calculation. Michigan law clearly holds that a defendant waives any objection to the scoring of the sentencing guidelines by agreeing to a specific sentencing range. *See People v. Wiley*, 693 N.W.2d 800 (Mich. 2000). The Michigan Court of Appeals has recently summarized the rule as follows:

> Defendant now argues that his 40-month minimum sentence for his assault conviction is an upward departure from the properly scored guideline range, which defendant maintains is 0-to-11 months. Because defendant specifically agreed at sentencing that the applicable guideline range for the assault conviction was 24-to-40 months, he has waived appellate review of this issue. Defendant's waiver extinguished any error.

*People v. Gevorkoff*, No. 288242, 2010 WL 537739, at * 6 (Mich. Ct. App. Feb. 16, 2010) (citation omitted); *accord People v. Vitale*, 446 N.W.2d 504 (Mich. Ct. App. 1989) ("Here, where the prosecution and defendant agreed to the minimum sentence imposed, what are we to review and what are we to demand of the trial court?").

Petitioner was sentenced within the guideline that he agreed, on the record and under oath, would be applicable to his case. Defense counsel had no basis to object to the scoring of that guideline range by the probation agent, who merely followed the stipulation of the parties. Counsel's failure to object to the stipulated guideline range did not fall below an objective standard of reasonableness. Indeed, any objection would have been frivolous and even sanctionable. Trial counsel's failure to raise futile or meritless objections is not ineffective assistance of counsel. *See Evans v. Hudson*, 575 F.3d 560, 566 (6th Cir. 2009); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

### D.     Lack of Jurisdiction

Petitioner's final claim for habeas corpus relief is that the state courts were deprived of subject-matter jurisdiction over this prosecution by the failure of the criminal complaints to set forth facts establishing probable cause. None of petitioner's appointed attorneys was willing to raise this claim in the state appellate courts. Rather, petitioner asserted the claim in supplemental, *pro se*

filings in the state Court of Appeals and Supreme Court. Petitioner's challenge to the subject-matter jurisdiction of the state courts is based upon a profound misunderstanding of the law.

Petitioner's claim is based upon the assertion that the criminal complaints forming the basis for his arrest and prosecution in the state court were conclusory in nature, merely setting forth the statutory language describing the offense, and did not contain facts supporting a finding of probable cause. On this basis, petitioner argues that the complaints were insufficient to create jurisdiction in the state courts and that his subsequent plea-based conviction must be overturned.

Petitioner's argument is contrary to law. The Fourth Amendment requires probable cause to support an arrest, but the propriety of an arrest is irrelevant to the constitutional validity of any subsequent conviction. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution." *United States v. Crews*, 45 U.S. 463, 474 (1980). The Supreme Court has made it clear that the presence or absence of probable cause sufficient to arrest or detain a person is irrelevant to the ultimate validity of an ensuing conviction:

> Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. *Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886). Thus, as the Court of Appeals noted below, although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause.

*Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *accord United States v. Saussy*, 802 F.2d 849, 851-52 (6th Cir. 1986) (absence of probable cause to support issuance of warrant does not undermine conviction). Petitioner's present custody with the Michigan Department of Corrections is the result

-15-

of his plea-based conviction, and the presence or absence of probable cause to support the charging document is irrelevant to the continuing validity of that custody.[3]

Even indulging the assumption that petitioner's arrest was not based upon a sufficient finding of probable cause, his subsequent conviction would remain valid. Petitioner's final ground for habeas corpus relief must therefore be rejected.

## Recommended Disposition

After *de novo* review of the four issues set forth in the habeas corpus petition, I recommend that the petition be denied on its merits.

Dated: March 8, 2010 /s/ Joseph G. Scoville
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General

---

[3] The authorities upon which petitioner relies do not undermine this conclusion. For example, petitioner cites the statement of Justice Breyer made in connection with denial of petition for *certiorari* in *Overton v. Ohio*, 534 U.S. 982 (2001). In that statement, Justice Breyer analyzes the lack of probable cause supporting an arrest warrant. During the arrest, officers found the key evidence against the defendant, which the state courts refused to suppress. Justice Breyer found that the complaint was insufficient to show probable cause and that the warrant based on that complaint was inadequate. On that basis, he concluded that the fruits of the search incident to an illegal arrest should have been suppressed. The statement in *Overton* and the authorities which it cites are irrelevant to the present case. Petitioner's conviction was not based upon any evidence or statement obtained by police as the result of an illegal arrest.

objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).